IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARIUS FIELDS, §<br>#55870-177, §<br>　　　Movant, §<br>§<br>v. §<br>§<br>UNITED STATES of AMERICA, §<br>　　　Respondent. § | No. 3:23-cv-00644-M (BT)<br>No. 3:17-cr-00388-M-1 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On March 23, 2023, Movant Darius Fields initiated this civil action by filing a motion requesting an extension of time to file his motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) The District Court referred the matter to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. For the following reasons, the undersigned recommends that the case be dismissed without prejudice for lack of jurisdiction.

I.

Fields is currently serving a 216-month sentence for three firearms offenses, including a felon in possession of a firearm conviction. On October 2, 2020, the Fifth Circuit Court of Appeals affirmed this Court's judgment in part, vacated in part, and remanded for an amendment to the written judgment. The District Court entered an amended judgment on November 3,

2020. Fields has not filed a § 2255 motion. Instead, he moves for an extension of time within which to file his § 2255 motion.

Fields does not state any claims in his motion, but he argues that he is entitled to equitable tolling and an extension of time because he was subjected to extraordinary circumstances. Specifically, Fields claims he was required to file a timely § 2255 motion during the COVID-19 pandemic, but he was precluded from making a timely filing because he was repeatedly in quarantine and denied access to the law library. Fields also claims he was moved out of federal custody and into state custody again, where he was denied access to the law library.

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 motion because it presents no case or controversy and would result in the rendering of an advisory opinion.[1] *See United States v. Bautista,*

---

[1] Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

2

548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

Here, this Court lacks jurisdiction to address Fields's request because it presents no case or controversy. *See Bautista*, 548 F. App'x at 254; *McFarland*, 125 F. App'x at 573; *Shipman*, 61 F. App'x at 919. Consequently, any decision rendered by this Court would be an advisory opinion. And therefore, the Court recommends this case be DISMISSED without prejudice for lack of jurisdiction.

Signed March 29, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).